**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5329-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY SWINT,

    Defendant-Appellant.

_____

Submitted May 28, 2020 – Decided June 15, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-10-3475.

Troy Swint, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On March 13, 2019, Judge Michael L. Ravin denied defendant Troy Swint's motion "to correct illegal sentence." On May 13, 2019, Judge Ravin denied defendant's motion for reconsideration. That application included an additional ground—that co-defendant Corey Smith's resentence to forty years subject to twenty years parole ineligibility, consecutive to fifteen years with a five-year term of parole ineligibility was so disparate a sentence as to warrant reconsideration of defendant's sentence. Defendant, having been convicted by a jury of the same crimes as Smith, was resentenced on our remand on March 6, 2000, to life, must serve twenty-five years before parole, to run consecutive to an extended term of fifteen years, subject to five years without parole. Having considered defendant's arguments, and reviewed the record, we affirm for the reasons stated by Judge Ravin.

A jury convicted defendant of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). The jury also convicted defendant of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). Those crimes were merged with the kidnapping and aggravated assault charges.

Since imposition of the sentence, defendant has engaged in various challenges to his sentence, and appeals of those decisions. Defendant's conviction and sentence were reviewed and affirmed in State v. Swint, 328 N.J. Super. 236 (App. Div. 2000). We remanded because the sentencing judge was obligated to increase the prison term he imposed to include twenty-five years of parole ineligibility. Id. at 262-63. We also reviewed and found proper the imposition of consecutive sentences, because of the nature of the crime which involved the kidnapping and torture of the victim. Id. at 264-65. The Supreme Court denied defendant's petition for certification. State v. Swint, 165 N.J. 492 (2000).

After the trial judge resentenced him in accordance with our remand, defendant filed a first petition for post-conviction relief (PCR), which was denied. He appealed the denial of that petition, alleging ineffective assistance of trial, appellate, and PCR counsel. State v. Swint, No. A-5545-05 (App. Div. July 30, 2008), certif. denied, 197 N.J. 14 (2008).

Defendant filed an appeal from a January 8, 2007 decision denying his motion to correct an illegal sentence. We affirmed by way of unpublished opinion. State v. Swint, No. A-2850-06 (App. Div. July 9, 2009).

Defendant's second petition for PCR relief was also denied, appeal taken, and an unpublished decision rendered affirming the trial court. State v. Swint, No. A-5733-11 (App. Div. July 25, 2013), certif. denied, 217 N.J. 292 (2014). It is fair to say that defendant's claims regarding the legality of his sentence have been repeatedly addressed both in the Law and Appellate Division.

On appeal, defendant argues:

> I. THE DECISION TO DENY APPELLANT A HEARING TO CORRECT AN ILLEGAL SENTENCE ON THE MATTER OF THE EXTENDED TERM, AND AN OPPORTUNITY TO MAKE A COMPLETE RECORD OF THE PROCEEDING VIOLATED APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR AND LEGAL PROCEEDING.
>
> II. THE SENTENCING COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A SECOND MANDATORY EXTENDED TERM SENENCE ON COUNT THREE OF THE INDICTMENT.
>
> III. THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE AND CORRECT APPELLANT'S SENTENCE WHICH IS DISPROPORTIONATE TO HIS CO-DEFENDANT.

As Judge Ravin concluded, the issue of the legality of the sentence has been repeatedly considered, in addition to the fact the arguments lacked any inherent merit.

A-5329-18T4

Defendant also raises the issue of his co-defendant's resentence. On that score, the illegality in the co-defendant's sentence was that the co-defendant was sentenced to one mandatory and one discretionary term when he should have been sentenced to two mandatory extended terms pursuant to the Graves Act. Because that sentence was illegal, as opposed to defendant's sentence, which properly included two mandatory Graves Act sentences from their inception, the court had to consider the co-defendant as he stood before the judge.

When resentenced, the co-defendant was able to demonstrate rehabilitative gains since the crimes were committed. See State v. Randolph, 210 N.J. 330, 354 (2012). The co-defendant's remand sentence was necessitated by a rather unusual combination of circumstances which gave the co-defendant an opportunity to present his accomplishments to the court while imprisoned, thus resulting in a reduction of five years of parole ineligibility. That reduction does not constitute, as Judge Ravin noted, a disparity in sentence that warrants reconsideration. We agree with defendant that courts are required to sentence evenhandedly. See State v. Roach, 167 N.J. 565, 570 (2001). That occurred here.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-5329-18T4